NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RODNEY KEITH WRIGHT,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2022-2092

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1327, Judge Coral Wong Pietsch.

---

Decided: April 14, 2023

---

RODNEY WRIGHT, Brooklyn, NY, pro se.

YARIV S. PIERCE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before DYK, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

Mr. Rodney Keith Wright appeals an order of the United States Court of Appeals for Veterans Claims (Veterans Court) denying in part and dismissing in part Mr. Wright's petition for extraordinary relief. *Wright v. McDonough*, No. 22-1327, 2022 WL 1184662, at *6 (Vet. App. Apr. 21, 2022) (*Order*). We *affirm* the Veterans Court's order denying the petition and *dismiss* the parts of Mr. Wright's appeal over which we do not have jurisdiction.

BACKGROUND

Mr. Wright served in the United States Army Reserve from 1990 to 1997 and the United States Air Force Reserve from 1997 to 2006. Appx. 108.[1] On March 10, 2020, Mr. Wright applied for special monthly compensation (SMC) based on aid and attendance, claiming that his "cervical radiculopathy, carpal tunnel and right shoulder pain prevent[ed him] from preparing [his] own meals and require[d] assistance with bathing and tending to other hygiene needs." Appx. 95. Mr. Wright underwent a Department of Veterans Affairs (VA) examination in October 2020, and in November 2020, the Regional Office denied his claim. Appx. 92, 95.

Mr. Wright filed a supplemental claim for SMC in November 2020, which was denied in February 2021. Appx. 86–87. In March 2021, Mr. Wright filed a Notice of Disagreement (NOD) appealing this decision to the Board of Veterans' Appeals (Board). *Order*, 2022 WL 1184662, at *1. A week later, the Board sent Mr. Wright a letter

————————————

[1] "Appx." citations refer to the appendix filed concurrently with Respondent's brief.

"confirming receipt of [Mr. Wright's] NOD" and explaining "that [Mr. Wright's] appeal had been placed on the direct review docket." *Id.* Mr. Wright subsequently filed three motions to advance his appeal, all of which were denied. *Id.* at *5.

In addition to these motions, Mr. Wright filed with the Veterans Court a petition for extraordinary relief in the form of a writ of mandamus. Mr. Wright's petition asked the court to "compel [the Board] to issue a decision on his appeal seeking entitlement to [SMC] based on the need for aid and attendance." *Id.* at *1. The Veterans Court denied Mr. Wright's petition after a thorough analysis of the *TRAC* factors, *id.* at *2–3, and dismissed Mr. Wright's other requests as moot, *id.* at *3–6. Mr. Wright appeals the court's denial of his petition.[2]

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We may review "the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). We have "jurisdiction to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). Although we "may not review the factual merits of the veteran's claim," "we may determine whether the petitioner has satisfied the legal standard for issuing the writ." *Id.* We review the Veterans Court's denial of a petition for a writ of mandamus for abuse of discretion. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002).

---

[2]    It appears Mr. Wright is only appealing the denial of his petition, not the dismissal by the Veterans Court of his other requests.

When analyzing petitions based on alleged unreasonable delay by VA, the Veterans Court's analysis is guided by the six *TRAC* factors:

(1) the time agencies take to make decisions must be governed by a "rule of reason";

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find "any impropriety lurking behind agency lassitude" in order to hold that agency action is unreasonably delayed.

*Martin v. O'Rourke*, 891 F.3d 1338, 1344–45, 1348 (Fed. Cir. 2018) (citing *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) (*TRAC*)).

Here, the Veterans Court concluded that while the third and fifth *TRAC* factors weigh in favor of granting the petition, the remaining factors weighed against it. *Order*, 2022 WL 1184662, at \*2–3. On the first two factors, the Veterans Court "under[stood] the petitioner's frustration with the Board taking longer than average to issue a decision on his appeal, but the Court [did] not find that the 'delay is so egregious as to warrant mandamus.'" *Id.* at \*2 (quoting *Martin*, 891 F.3d at 1344). As to the fourth factor,

the Veterans Court "not[ed] that the veterans' benefits system is burdened with fixed resources, and VA is in a better position than the Court to evaluate how to use those limited resources." *Id.* at *3. It found "[g]ranting a writ in this case would merely shift the Board's resources away from processing other veterans' appeals that are ahead of the petitioner's in the Board's direct docket work queue." *Id.* For these reasons, the Veterans Court concluded "the petitioner fail[ed] to demonstrate that he is entitled to the issuance of a writ." *Id.*

Mr. Wright's argument on appeal focuses on the first two *TRAC* factors. He argues the Veterans Court erred by looking to the date of his NOD—March 2021—to assess the degree of the VA's delay in adjudicating his SMC claim, when the court should have looked to the date of his initial compensation claim—October 2011. *See Order*, 2022 WL 1184662 at *1. In Mr. Wright's view, because an SMC request is part of every VA claim, and since his initial disability compensation claim was filed in October 2011, this date is the proper date from which to determine whether his appeal regarding SMC has been timely decided. Appellant's Supp. Br. 7.[3]

Although the Veterans Court does appear to consider an effective date for SMC to be "when the evidence first supported an award of SMC," *Bradley v. Peake*, 22 Vet. App. 280, 294 (2008), "the overarching inquiry in analyzing a claim of unreasonable delay is whether the agency's delay is so egregious as to warrant mandamus," *Martin*, 891 F.3d at 1344 (internal quotations and citations omitted). Here, Mr. Wright's mandamus petition seeks to compel *the Board*

---

[3]    Mr. Wright filed a document concurrently with his informal brief entitled "Petition for Writ of Mandamus." We consider this document to be a supplemental brief and cite it as "Appellant's Supp. Br.," referencing the page numbers included at the bottom of the document.

to issue a decision on his March 2021 appeal, a request that necessarily centers on the nature of any delay by the Board. Mr. Wright provides no authority for his argument, and we decline to adopt a broad rule stating the timeliness for Board action on pending appeals is assessed from a claim's effective date. Thus, the Veterans Court did not abuse its discretion with respect to the first two *TRAC* factors. Mr. Wright's arguments on the remaining factors are unpersuasive.

Mr. Wright also raises various arguments characterized as constitutional. However, an "appellant's 'characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.'" *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (quoting *Helfer v. West,* 174 F.3d 1332, 1335 (Fed. Cir. 1999)). Mr. Wright's allegedly constitutional arguments appear to simply reargue the merits of his case, issues over which we do not have jurisdiction. *See id.*

## CONCLUSION

We have considered Mr. Wright's remaining arguments and find them unpersuasive. We *affirm* the Veterans Court's order as to the writ of mandamus and *dismiss* those issues over which we lack jurisdiction.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

## COSTS

No costs.